IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 22-cv-3094 |
| ) | |
| JOSHUA J. YOUNG and BREANNE ) | |
| YOUNG, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Now comes, the UNITED STATES OF AMERICA, by and through its attorneys, GREGORY K. HARRIS, United States Attorney for the Central District of Illinois, and KIMBERLY A. KLEIN, Assistant United States Attorney, and for its cause of action alleges that:

1. This is a civil action brought pursuant to 28 U.S.C. § 1345 to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage") and to join the following person as the defendant:

    Joshua J. Young and Breanne Young

2. Attached as Exhibit "A" is a copy of the mortgage; Exhibit "B" is a copy of the Promissory Note secured thereby; and Exhibit "C" is the Notice of Acceleration.

3. Information concerning mortgage:

    (A). Nature of instrument: Mortgage

    (B) Date of mortgage: Ex. A, February 4, 2011

    (C) Name of mortgagor: Ex. A, Joshua J. Young

    (D) Name of mortgagee: United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture, f/k/a Farmers Home Administration

    (E) Date and place of recording: Ex. A, February 4, 2011, Greene County, Illinois

    (F) Identification of recording: Ex. A, recorded as Document No. 152822, in Book 622, on Page 130

    (G) Interest subject to the mortgage: Fee Simple

    (H) Amount of original indebtedness, including subsequent advances made under the mortgage: $37,150.00

    (I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

        1. Legal description of the mortgaged premises:

Commencing at a point 249 ½ feet North of the Southwest corner of the North Half of the Northeast Quarter of Section 2, Township 11 North, Range 12 West of the Third Principal Meridian, thence running East 287 feet, thence North 70 feet, thence West 287 feet, thence South 70 feet to the place of beginning, situated in the City of White Hall, in the County of Greene and State of Illinois.

Tax ID# 11-53-02-203-017

    2.    Common address or location of mortgaged premises:

422 South Main Street, White Hall, Illinois 62092; this real estate has been improved by a single-family residence.

(J)    Statement as to defaults and amount now due:

    1.    Date of Default is March 16, 2015.

    2.    Payments, which have become due under the secured note are in default and arrears in the total amount of $43,053.64.

    3.    The total amount now due is $40,738.84 as of June 6, 2022, plus interest accrued thereafter, court costs, title costs, and plaintiff's attorney fees.  This amount due includes the total principal and interest due and payable, all outstanding advances and fees charged to the defendant's account.

    4.    The per diem interest accruing under the mortgage after default is $3.6926.

(K)    Name of present owner of the real estate:  Joshua J. Young

(L)    Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS, Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated.

    1.    Breanne Young, wife to Defendant-Mortgagor, Joshua J. Young, and is currently residing at the subject property to this foreclosure action.

Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim, or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)    Names of defendants claimed to be personally liable for deficiency, if any:

The Plaintiff is not seeking a deficiency monetary judgment against

    the Defendant-Mortgagor, Joshua J. Young.

(N) Capacity in which plaintiff brings this foreclosure: as the owner and legal holder of said note, mortgage, and indebtedness.

(O) Facts in support of shortened redemption period, if sought:

  The fair market value of the mortgaged real estate is less than 90 percent of the amount of the judgment requested herein and mortgagee hereby waives any and all rights to a personal deficiency judgment against the borrower.  We are requesting the redemption period be reduced to 60 days.

(P) Facts in support of request for costs and expenses, if applicable:

  Plaintiff has been required to incur title insurance or abstract costs, and other expenses, which should be added to the balance secured by said mortgage.

(Q) Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

  Not applicable.

(R) Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(S) Name or names of defendant whose rights to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

    Joshua J. Young and Breanne Young

## REQUEST FOR RELIEF

Plaintiff requests:

1. A judgment to foreclose such mortgage and judicial sale by the United States Marshals Service;

2. That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

3. An order granting a shortened redemption period, as applicable;

4. That Defendant-Mortgagor, Joshua J. Young, be ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage, 28 U.S.C. 1914(a), 28 U.S.C. § 2412, or by law);

5. That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment.

6. That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

7. That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate; and

8. That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq.

9. A judgment for the amounts due and owing to the United States of America on this promissory note and mortgage securing same as provided by law, 28 U.S.C. § 1914(a), and 28 U.S.C. § 2412, including unpaid balance, unpaid interest, interest on fees, escrow, titlework, and United States District Court fees associated with this foreclosure matter, including but not limited to, filing fee, recordings, United States Marshals fees and commissions, and publication fees.

10. For a finding that the interests of all named defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any.

11. Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS Section 5/15-1506(f)):

i. Judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid;

ii. Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record.

iii. In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

          Respectfully submitted,

          UNITED STATES OF AMERICA,
          Plaintiff

          GREGORY K. HARRIS
          UNITED STATES ATTORNEY

BY:  /s/Kimberly A. Klein
       Kimberly A. Klein, ARDC
       #6230077
       Assistant United States Attorney
       211 Fulton Street, Suite 400
       Peoria, Illinois 61602
       Telephone: 309/671-7050
       E-mail: Kimberly.Klein@usdoj.gov